IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 23-CR-909-MIS |
| | ) | |
| OTHON JORGE ZAMARRIPA, | ) | |
| | ) | |
| Defendant. | ) | |

UNITED STATES' RESPONSE TO DEFENSE MOTION TO
CONTINUE TRIAL AND EXTEND ALL RELEATED DEADLINES

The United States hereby provides its expedited response to Defendant's Motion to Continue Trial and Extend All Related Deadlines as ordered by the Court. Docs. 125, 126. The United States does not oppose a continuance of the trial setting based on new evidence and potential new charges. However, the United States opposes extension of trial deadlines that have already passed, absent additional and sufficient good cause.

The defendant in this case was originally indicted on June 21, 2023. Doc. 22. A Joint Motion to Declare the Case Complex was filed on July 14, 2023. Doc. 29. The Court declared the case complex, and requested the parties submit a proposed scheduling order on July 17, 2023. Doc. 31.

Ken Del Valle was appointed counsel for the defendant on May 30, 2024. Doc. 56. On June 18, 2024, a Superseding Indictment was filed in this case, and this Court held a status

1

conference[1] on June 26, 2024. Doc. 62. The parties discussed continuing the September 2024 trial date after Mr. Del Valle advised that he would be out during the month of July for a medical procedure. On June 27, 2024, the parties submitted a Joint Motion to Continue Trial Setting and Pretrial Deadlines, and on July 1, 2024, the Court entered an Order continuing the trial setting to January 21, 2025. Docs. 67, 69.

On September 26, 2024, the Court held a status conference, and Mr. Del Valle advised that he would be requesting a continuance of the trial to the spring of 2025. Doc. 76. He filed Defendant's Unopposed Motion to Continue Trial on September 27, 2024, citing that he was under medical disability as of July 15, 2024, and would not be able to properly prepare to defend the defendant until sometime in the spring of 2025. Docs. 76, 77. An Order to Continue the Trial was filed on October 4, 2024, advising that additional time would be necessary to prepare for a trial due to defense attorney medical issues and providing a deadline of October 18, 2024, for the parties to submit a joint Scheduling Order. Doc. 78. On October 15, 2024, the parties submitted a joint Third Amended Scheduling Order. Doc 79.

On March 19, 2025, Ken Del Valle filed a First Amended Motion to Appoint Additional Counsel. Doc. 99. In his motion, defense counsel noted that the case was complex, had two previous federal public defenders assigned, and that there were thousands of documents in discovery. *Id.* Defense counsel further noted that the Government had requested a two-terabyte external drive for more documents. *Id.* On March 20, 2025, this Court appointed Mrs. Shaharazad Booth as co-counsel. Docs. 101, 102.

---

[1] During that conference, the United States advised that a motion to dismiss the Superseding Indictment would be filed due to a technical error in the document, and that the case would be presented again to the grand jury. On July 17, 2024, a Second Superseding Indictment was filed, which is the current charging document in this case. Doc. 72.

The pretrial deadlines for this case are correctly noted in defense's Motion to Continue Trial and Extend all Related Deadlines. Doc. 125. Trial is currently set to beginning on April 28, 2025, continuing through May 9, 2025. On February 21, 2025, the United States filed a Notice of Expert Witness Testimony, identifying four expert witnesses. (Doc. 86). On March 7, 2025, the United States filed several Motions in Limine, and a Sealed Notice of Intent to Introduce Evidence Pursuant to Fed. R. Evid. 414 and 404(b). Docs. 89, 90, 91, 93, 95. On March 28, 2025, the United States filed a Sealed Witness List, a Sealed Exhibit List, Proposed Jury Instructions, and proposed Voir Dire. Docs. 107, 112, 108, 110. On April 8, 2025, the United States filed a sealed Amended Exhibit List. Doc. 120. On April 9, 2025, the United States also filed a Second Motion in Limine to Introduce Evidence Pursuant to Fed. R. Evid. 414 and 404(b). Doc. 121.

On March 28, 2025, defense counsel filed a Witness List, and an untimely Notice of Expert Witness Testimony. Doc. 105, 109. On April 4, 2025, the United States filed objections to the defendant's Witness List and Notice of Expert Witness Testimony. Docs. 116, 117. On April 7, 2025, the United States filed sealed Objections to Defendant's Anticipated Exhibits. Doc. 119.

The United States has disclosed extensive discovery in this case, Bates No. 1 through 3453 in total,[2] which includes a hard drive (Bates No. 2879) that was made available to Mr. Del

---

[2] Discovery was disclosures as follows:
- Bates No. 1-562 on June 13, 2024, via pick up by Ken Del Valle;
- Bates No. 563-2870 on September 26, 2024, via Fedex to Ken Del Valle;
- Bates No. 2871-2878 on March 6, 2025, via pick up by Ken Del Valle;
- Bates No. 2880-2937 on March 27, 2025, via pick up by Ken Del Valle;
- Bates No. 1-2937 on March 27, 2025, via USAfx to Mrs. Booth;
- Bates No. 2938-2972 on March 28, 2025, to Mrs. Booth and Mr. Del Valle via pick up and USAfx;
- Bates No. 1-2972 as an all discovery redisclosure to Mr. Del Valle who was recently added to USAfx;

Valle on March 20, 2025, and to Mrs. Booth on April 1, 2025 (after defense counsel each provided hard drives).

As noted in the United States' Second Motion in Limine to Introduce Evidence Pursuant to Fed. R. Evid. 414 and 404(b), the United States has been trying to access the defendant's iPhone since it was seized in January 2023. Doc. 121. After the device was unlocked, and pertinent images discovered, the undersigned Assistant United States attorney reached out to defense counsel on March 27, 2025, to make him aware of the evidence and to make it available for review pursuant to 18 U.S.C. § 3509(m). The United States also indicated its intent to present an additional charge, based on the images discovered on the defendant's phone, to the grand jury prior to trial.[3] Defense Counsel went to HSI to view the phone on March 31, 2025. On April 3, 2025, defense counsel requested that the United States turn over a redacted version of the phone extraction, and the United States responded it was unable to do so but that the extraction would be made available as required by statute.

Based on the newly discovered evidence and the United States' intent to add an additional count, the United States does not oppose continuing the trial date as requested. However, the trial

---

- Disclosure letter for defendant's unlocked iPhone and MacBook was provided March 25, 2025, noting the information would be reasonably available for review pursuant to 18 U.S.C. § 3509(m);
- Bates No. 2973 on April 1, 2025, to all parties via USAfx;
- Bates No. 2974-3071 on April 9, 2025, to all parties via USAfx;
- Bates No. 3072-3453 on April 11, 2025, to all parties via email (this was a redisclosure of corrected transcripts of the forensic interviews of Jane Doe and John Doe which were previously disclosed to Mr. Del Valle on January 22, 2025).

[3] The United States previously provided notice to defense counsel and the Court of its intent to drop the attempted production counts 3 and 4, and to narrow the date ranges in counts 1 and 2. Doc. 87. The Las Cruces grand jury did not convene in March due to weather, but the case will be presented to Las Cruces grand jury in April. However, now, the United States intends to present an additional count based on the new evidence.

deadlines have been pending since October 2024. Doc 79. The parties have been on notice since that date that the jury trial would commence on April 28, 2025, and should have prepared accordingly. The United States has, and will, continue to investigate this case and interview witnesses in preparation for trial, which at times will necessitate the creation and disclosure of additional discovery. Except for the newly discovered images and potential new charge, nothing in the newly disclosed discovery would necessitate a continuance of trial. Moreover, nothing in the newly disclosed discovery warrants restoring deadlines that have already passed without any relevant filings by the defense.

"The decision of whether to grant a continuance rests within the sound discretion of the trial court." *United States v. Rivera*, 900 F.2d 1462, 1476 (10th Cir. 1990) (*en banc*). "A trial judge's decision to deny a motion for a continuance constitutes an abuse of discretion only if the denial was 'arbitrary or unreasonable and materially prejudiced the [defendant].'" *Id.* at 1475 (citing *United States v. West*, 828 F.2d 1468, 1469 (10th Cir. 1987)).

"Whether a denial of a motion for a continuance is arbitrary or unreasonable depends upon an examination of a number of factors, including:

> [1] the diligence of the party requesting the continuance;
>
> [2] the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance;
>
> [3] the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance;
>
> [4] the need asserted for the continuance and the harm that [a defendant] might suffer as a result of the district court's denial of the continuance.

*Rivera*, 900 F.2d at 1475 (citing *West*, 828 F.2d at 1470).

5

Here, the Court should weigh these factors and ultimately find that while a continuance of the trial *may* be warranted, resetting the deadlines and essentially giving counsel a "do-over" is not warranted. The defendant is asking to continue trial deadlines that have been set since October 15, 2024. *See* Doc. 79. Given how long this case has been pending, how long trial deadlines have been set, and how close in time to trial that the defendant is requesting a continuance, the United States requests the Court find this factor weighs against the defendant's request to extend deadlines. The defendant can accomplish his underlying purpose of getting up to speed on the discovery by continuing the trial setting – without resetting deadlines that have already passed. While there would be significant inconvenience[4] to the United States, its witnesses, and presumably the Court resulting from the continuance, given the United States' intention to add an additional count, the United States cannot in good faith oppose continuing the trial setting. However, given reasons articulated by the defendant for needing the continuance do not support an extension of trial deadlines which have already passed.

For these reasons, the United States does not oppose continuing the trial setting but opposes the defendant's request to continue the trial deadlines that have already passed. Absent a sufficient basis to justify such a "do-over" at this late juncture, the Court should deny the defendant's request to continue the trial deadlines, require that he adequately explain why he was not able to meet the deadlines and why it now needs to be moved, and order the current scheduling order and all currently scheduled deadlines remain intact notwithstanding the Court's consideration of the motion to continue the trial setting.

---

[4] The United States notes that it has already subpoenaed all of it witnesses for trial, at least one of whom will be traveling from out of state. The continuance also inconveniences the minor victims in this case, who have had this trial hanging over their heads for over two years now. The United States also presumes that special jury questionnaires were already sent out to 150 potential jurors.

Respectfully submitted,

HOLLAND S. KASTRIN
Acting United States Attorney

*/s/ Electronically Filed 4/14/2025*
JONI AUTREY STAHL
JACKSON K. DERING V
Assistant United States Attorneys
200 N. Church Street
Las Cruces, NM  88001
(575) 522-2304 - Tel.
(575) 522-2391 – Fax

I HEREBY CERTIFY that I electronically
filed the foregoing with the Clerk of the
Court using the CM/ECF system which
will send electronic notification to defense
counsel of record.

*Electronically Filed 4/14/2025*
JONI AUTREY STAHL
Assistant United States Attorney