UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                  Case No. 23-cr-00909-MIS

OTHON JORGE ZAMARRIPA,

      Defendant.

## DEFENDANT'S MOTION HAVE COURT CONDUCT KATZ DETERMINATION

Now comes Defendant, Othon Jorge Zamarripa, by and through his attorneys, Shahrazad Booth and Brock Benjermin, and moves to have the Court conduct a hearing as described in *United States v. Katz*, 178 F.3d 368, 373 (5th Cir. 1999) cited in *United States v. Riccardi*, 258 F.Supp.2d 1212 (U.S.D.C Kan. 2003). The Government cannot prove the material in question involves actual minors engaged in sexually explicit conduct, as required by the statutory definition of child pornography under 18 U.S.C. § 2252A and 2256.

The United States is expected to offer 6 photographs- exhibits 70-76. The defendant's counsel has reviewed those and does not believe that they meet the definition of a depiction of an actual child.[1] *See* 18 U.S.C. § 2256.

The United States has not designated any expert to testify to the alleged child pornography. The images are believed to have been sent to NCMEC (National Center for Missing and Exploited Children) and there were no matches.[2] Lastly, the photos are understood to have been shown to

---

[1] Undersigned viewed those images on June 30, 2025.
[2] This has been represented verbally.

the complaining witnesses in this matter who stated that the photos were not of them.[3] This leaves a presumption that because they were found on X (formerly known as Twitter) that they are probably not child pornography and rather just pornography.

**A. Request for Court to Examine Images.**

The instant fact scenario appears to be similar to *Riccardi* and *Katz*, where the Court addressed that the facts of an individual case are the determining factor. In the instant case the images do not appear to be child pornography, however counsel has never experienced a child pornography case where there were only 6 possible images and the government took the position that 'in its opinion' the images were child pornography, without any other foundation.

In *United States v. Riccardi*, 258 F.Supp2d 1212 (D.C. Kan 2003) the Court said-

> "There is no requirement that expert testimony be presented in child pornography cases to establish the age of children in the pictures." *United States v. Nelson,* 38 Fed.Appx. 386, 392 (9th Cir. 2002). Instead, as the Fifth Circuit has explained, whether expert testimony is necessary depends upon the facts of any given case: ***1219** The threshold question-whether the age of a model in a child pornography prosecution can be determined by a lay jury without the assistance of expert testimony-must be determined on a case by case basis. As the government correctly points out, it is sometimes possible for the fact finder to decide the issue of age in a child pornography case without hearing any expert testimony. However, in other cases, the parties have been allowed to present conflicting expert testimony. In yet other cases, one party presents expert testimony, while the other does not. A case by case analysis will encounter some images in which the models are prepubescent children who are so obviously less than 18 years old that expert testimony is not necessary or helpful to the fact finder. On the other hand, some cases will be based on images of models of sufficient maturity that there is no need for expert testimony. However, in this case, in which the government must prove that a model, who is post-puberty but appears quite young, is less than eighteen years old, expert testimony may well be necessary to assist the trier of fact to understand the evidence or to determine a fact in issue.
>
> *United States v. Katz,* 178 F.3d 368, 373 (5th Cir.1999) (internal citations omitted).

---

[3] Id.

> Here, the government moved to admit six separate computer images (seized from Mr. Riccardi's computer hard drive) of young men portrayed in sexually suggestive poses to support the charge in Count I. Rather than simply admitting all of the images, the court carefully analyzed each computer file to determine whether a lay jury could determine the age of the models without the assistance of an expert. In the end, the court found that only two of the six computer files contained images of models who were so obviously less than 18 years old that expert testimony was not necessary. *See Riccardi* At 1218-1219.

The undersigned would submit that the images in this case need expert testimony to be identified as child pornography. Realizing that the United States believes everything is admissible, it has provided no foundation for the reliability or relevance of the proffered images.

The defendant therefore requests that the Court make a determination as to whether the images meet the threshold of someone under 18 years of age.[4] This appears to be inline with what occurred in *Riccardi* and *Katz* where it appears the Court made this determination.

### B. Timeliness

The United States filed a Notice of Intent to publish these images on July 3, 2025. This motion is in response to that. Counsel raises this issue to alert the Court to the unique scenario that Counsel has not witnessed before. The matter is not necessarily ripe as the evidence has not been shown to have a basis for admission. The images do not appear to Counsel to be children, and the undersigned has not seen a report that they have been identified, examined by a doctor or any other basis to belief they are simply prejudicial images and not child pornography.

---

[4] Defendant requests this understanding that the American Pediatric Association has determined that the "Tanner" stages only apply to Caucasian children. The defendant would proffer that the images do not appear to be of Caucasians.

**Conclusion**

For the reasons stated above, the government has failed to meet the burden of establishing the element- a minor child or actual child, as represented in court during the pre-trial hearing.

Based on the nature of the underlying motion, undersigned did not seek the government's position on the motion to for a Katz determination and anticipates that the motion is opposed.

Dated this the 9th day of July, 2025.

                                                      Respectfully submitted,

                                                      */s/ Brock Benjamin*
BROCK BENJAMIN
New Mexico Bar No.141535
1013 E. San Antonio Ave.
El Paso, Texas 79901
Tel (915) 412-5858
Fax (915) 503-2224
Email: brock@brockmorganbenjamin.com


*/s/ Shaharazad Booth*
Shaharazad McDowell Booth
NM Bar # 142956
US Bar ID # 19-101
PO Box 13856
Las Cruces, NM 88013
(575) 323-8233
*Attorneys for Mr. Zamarripa*

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing Motion upon the U.S. Attorney's Office by electronically filing a copy with the Clerk of the Court using the CM/ECF system on this the 9th of July 2025.

                                                    */s/ Brock Benjamin*
                                                    BROCK BENJAMIN
                                                    *Attorney for the Defendant*