UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                   Case No. 23-cr-00909-MIS

**OTHON JORGE ZAMARRIPA,**

        **Defendant.**

### DEFENDANT'S OBJECTIONS AND FACTUAL CORRECTIONS

OTHON JORGE ZAMARRIPA, Defendant, through his attorneys of record, Shaharazad Booth and Brock Benjamin, files these his objections to the Presentence Investigation Report (PSR). Defendant believes that the following objections have a basis in law and/or fact. The objections are outlined below:

**Factual Objections**:

1. **Objection to paragraph 5, page 3**

Defendant objects to the use of investigative reports for fact finding. He asserted his 6th Amendment right to a jury trial and those reports proved untrustworthy regarding several issues one of which was the allegation regarding child sexual abuse material (CSAM).

2. **Objection to paragraph 7, page 3-4.**

Defendant objects that this paragraph refers to the forensic interviews but fails to address that there were multiple statements in the first interview that were exculpatory. These statements are not painting an inaccurate fact scenario.

3. **Objection to paragraph 8, page 4**

Defendant objects to the failure to include the important facts that there were no camera images or videos found. As written, this is misleading and bootstrapping the credibility of the complainant.

1

4. **Objection to paragraph 9, page 4.**

Defendant objects to the failure to include the important facts that there were no Princess Peach images or videos found. As written, this is misleading and bootstrapping the credibility of the complainant.

5. **Objection to paragraph 10, page 4.**

Defendant objects to this rendition of facts as it excludes and makes a credibility determination that the testimony was not contradicted by Ms. Margarita Miranda who testified that she was at the residence prior to the arrival of Jane Doe.

6. **Objection to paragraph 12, page 4.**

Defendant objects to this as it includes unadmitted and materially unreliable information that assumes facts not in evidence. The polygraph was not used as it presumably was not helpful. Further, there was no evidence in 2017 that the defendant penetrated the complainant.

7. **Objection to paragraph 13, page 5.**

Defendant objects that this paragraph refers to the forensic interviews but fails to address that there were multiple statements in the first interview that were exculpatory. These statements are not painting an inaccurate fact scenario.

8. **Objection to paragraph 16, page 6.**

Defendant objects to the idea that there was corroboration. There were no videos or pictures as described by the children found. There was no evidence that any of the items corroborated the Princess Peach testimony. This is all supposition that was not supported by the trial evidence. Specifically, the conviction is based on the prejudicial idea that he had CSAM and that was legally and factually false.

9. **Objection to paragraph 17, page 6.**

Defendant objects to the failure in this paragraph to note that it proves paragraph 12 is suspect as paragraph 12's allegations are in 2017 and the new allegation or timeline in paragraph 17 is January 1, 2018. Additionally, the defense challenged and maintains that the FBI "expert" is nothing more than a prosecution mouthpiece restating the theory of the case.

10. **Objection to paragraph 18, page 6.**

Defendant objects that the writer fails to include the fact that there was no incriminating nor corroborating information found on the devices when reviewed.

**11. Objection to paragraph 19, page 6**

Defendant maintains his innocence and objects to the "summary" that is biased and based on inaccurate information. As the summary suggests that information outside of the child's testimony supports the conviction. There is none.

**12 Objection to paragraph 27, 37, page 8.**

Defendant objects to this objection as it is duplicative. Based on the need for jurisdiction this is required and subsumed by the offense guideline. Further, in 2025 this is presumably the only way to commit the offense of conviction.

**13. Objection to paragraph 29, 39, page 8, 9.**

Defendant objects to the age adjustment as it is unclear how old Jane Doe when this was alleged to have occurred and that was not shown beyond a reasonable doubt.

**14. Objection to paragraph 48, page 9.**

Defendant objects that this is a basis for an upward variance, that the offense is a pattern and there is not any evidence outside of the offense of conviction.

**15. Objection to paragraph 49, page 10.**

Defendant objects to the trial tax that is imposed and is contrary to the 6th Amendment to the United States constitution. Clearly, the defendant was partially correct in assertion of this right as the United States failed to carry its burden with regard to an extremely inflammatory allegation as a matter of law.

## CONCLUSION AND REQUEST FOR RELIEF

Wherefore, Defendant prays that this Court grant these objections and make the requested factual corrections in the pre-sentence report.

Dated this 29th day of October 2025.

Respectfully submitted,

*/s/ Brock Benjamin*
BROCK BENJAMIN
New Mexico Bar No.141535
1013 E. San Antonio Ave.
El Paso, Texas 79901
Tel (915) 412-5858
Fax (915) 503-2224
Email: brock@brockmorganbenjamin.com

_____
Shaharazad McDowell Booth
NM Bar # 142956
US Bar ID # 19-101
PO Box 13856
Las Cruces, NM 88013
(575) 323-8233
*Attorneys for Mr. Zamarripa*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Objections upon the U.S. Attorney's Office and United States Probation Office by electronically filing a copy with the Clerk of the Court using the CM/ECF system on this the 29th of October 2025.

*/s/ Brock Benjamin*
Brock Benjamin
*Attorney for the Defendant*